[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dispute arises out of a three car chain accident in which a hit and run driver struck the defendant Sardinas' vehicle and allegedly caused it to strike the plaintiffs vehicle in the rear which was stopped at a traffic signal. The plaintiff subsequently brought a suit against both the Sardinas' and Colonial Penn simultaneously. Her complaint was in two counts, the first count against Colonial Penn, her own insurance company, sounding in contract under the uninsured motorist provisions of her policy and the second count against Sardinas'(owner and operator) sounding in common law and statutory negligence. Each defendant filed answers essentially denying any legal responsibility in the matter. Colonial Penn also filed special defenses claiming a right of set off for payments received by the plaintiff from collateral sources as well as any payments made by Colonial Penn in connection with other coverages under the insurance policy in question. It also claimed as a special defense the limits of coverage under the policy. Sardinas, on the other hand, filed no special defenses. The case proceeded to CT Page 3887 trial on this basis. Near the close of evidence, the defendant, Colonial Penn and the plaintiff reached a settlement and Colonial Penn withdrew from the case leaving the defendants, Sardinas the only remaining party defendants in the case.
After the close of evidence and the conclusion of a charge conference but before final argument, the Sardinas' attorney submitted a memorandum of law to the court in which the defendanturged the court to instruct the jury that negligence and damages were to be apportioned between the Sardinas' and Colonial Penn and further urged the court to submit a verdict form to the jury which presented the jury with a format by which negligence and damages could be apportioned in the event of a plaintiffs verdict.[1]
Although Sardinas had submitted preliminary requests to charge as did all other parties in accordance with the court's pre-trial orders, they did not include a request to charge on the issue of apportionment. Although no request to charge on this issue has been formally submitted by Sardinas[2], the court will nevertheless consider the aforesaid memorandum as a motion akin to one in liminie because this issue appears to be a major part of the defendant's defense strategy and likely to be a significant part of the defendant's final argument.[3] By addressing this issue before counsel address the jury, the court will avoid the prospect of having to embarrass counsel in front of the jury by correcting any erroneous statements made by them on this issue during their final arguments, as well as unnecessarily exposing the jury to any precluded issues.
Thus, the court hereby endeavored to resolve this issue before arguments began with a ruling on this matter memorialized in this memorandum.
 Discussion
The plaintiff opposes any apportionment of responsibility between Sardinas and Colonial Penn arguing that section 52-572h, the apportionment statute, applies only to negligence claims. Since her claim against Colonial Penn sounds in contract, apportionment is not available under 52-572h. In support of this position plaintiff cites two superior court cases as persuasive authority.[4] The defendant Sardinas' position is that although an uninsured motorist claim is in the nature of a contract action, it should not be treated as a collateral source and thus CT Page 3888 exempt from the application of the apportionment statute citing in support of this position Haynes v. Yale-New Haven Hospital,243 Conn. 17 (1997).
This court concludes that the defendants' position is untenable both procedurally and substantively.
This court concludes that the defendants' position is untenable both procedurally and, substantively.
 I Procedurally
Section 52-572h does not require that the jury automatically consider the issue of apportionment. Baxter v. cardiologyAssociates of New Haven, 46 Conn. App. 377, 381-382 (1997) certden 243 Conn. 933. A party claiming apportionment has a duty to advise the court and the plaintiff in timely fashion that it intended to claim apportionment, and by so doing, it assumed the burden of proving the negligence of the released party. Id. 383. In the absence of such notice, the court may exercise its discretion to deny the defendant's belated claim. Id. 386.
As noted in the statement of the facts, this issue was first raised informally by the defendants at a late afternoon charge conference. At that time it was anticipated by all remaining parties that final arguments and the jury charge would be given the following morning. Up to this point the plaintiff had no forewarning that Sardinas was going to demand apportionment between defendants.[5] It should also be noted that although Colonial Penn had submitted a preliminary request for an apportionment charge before it exited this case, Sardinas neither joined in that request or submitted its own request for such a charge. Sardinas has yet to make a formal request for such a charge despite the fact that Sardinas' attorney has filed a memorandum urging its use. Finally, had Sardinas raised this issue in a timely fashion, the plaintiff would have had an opportunity to consider it in terms of its settlement strategy.[6]
Therefore, for the reasons and authority indicated, this court declines to permit the issue of apportionment to be inserted into this case at this late date. It further orders counsel not to discuss this issue during their respective closing arguments.
 II Substantively
CT Page 3889
As previously indicated the defendant relies on the holding in Haynes v. Yale-New Haven Hospital, supra, for the proposition that UM benefits are not a collateral source and therefore are properly apportioned under section 52-572h. From a substantive standpoint the court finds the case law cited by the plaintiff to be pursuasive.[7] However, in view of the Haynes decision, the issue here is not as easily resolved as the plaintiffs authorities suggest. The court must therefore either reconcile any differences in the rationale of Haynes with the plaintiffs authorities or distinguish Haynes from this case. The court chooses to distinguish this case.
The court in Haynes declined to establish a per se rule that all underinsured/uninsured benefits are not subject to the collateral source rule. Rather, the court said:
 "Whether in any particular case underinsured motorist benefits should be treated as are other types of insurance must depend on a case-by-case analysis of the underlying purpose and the principles that apply to such benefits." Id., 24.
And, at page 27 it further emphasized this point by saying:
 "We do not mean to imply that claims for underinsured motorist payments must be viewed solely as sounding in tort, and not in contract. Neither characterization is appropriate for all cases" (emphasis added)
It is precisely on the basis of this case-by-case approach urged by our Supreme court that this court concludes an analysis of the purposes and principles underlying this case will clearly distinguish it from Haynes, both factually and logically.
The Haynes court found itself confronted with two conflicting underlying principles. There is the general tort rule against recovering for an injury which one has already been fully compensated for — the double recovery principle and that principle which is embodied in the collateral source rule — that a tortfeasor should not be able to take advantage of a benefit received by the tort victim when that benefit came from a source other than the tortfeasor. Haynes, supra, 22-23. In attempting to reconcile these two conflicting principles the court framed the issue in the following terms: CT Page 3890
 ". . . the question is not whether underinsured motorists benefits are a collateral source; the question is whether they should be treated as a collateral source in the present factual context." supra, 26. (emphasis added)
In the context of the Haynes case the plaintiffs decedent pursued the claim first against the underinsured negligent driver recovering $20,000 (his policy limit) and then against her own insurance company recovering $630,000 (underinsured coverage) and finally against the medical providers for malpractice. The trial court granted the medical providers' motion for summary judgment on the grounds that the tort rule against a double recovery precluded the lawsuit against the providers. A majority of our supreme court agreed and affirmed the trial court's ruling.
Haynes is distinguishable from this case both in its factual context as well as on the underlying principles involved.
Factually, the plaintiffs decedent in Haynes pursued her claim for all injuries[8] in a series of three separate proceedings — partial settlement of her claim against the underinsured driver, arbitration against the insurance carrier and a law suit against the medical providers. In this case, the plaintiff sought in a single proceeding her claim for all injuries arising out of the automobile accident in question. In both cases the complaining parties are seeking a single redress — in Haynes, negligence resulting from malpractice secondary to negligence causing the auto-pedestrian collision; in this case, negligence of two operators — one of which was a hit and run driver.
This factual distinction impacts upon the logical distinction inasmuch as the same underlying principles are not at work where the dispute is apportionment. Clearly, the purpose and policy underlying the uninsured/underinsured motorist benefits is a relevant consideration in the present case. But also to be considered in the instant case is the underlying purpose of the apportionment statute: to make a more equitable distribution of the damages between joint tortfeasors and to alleviate the harshness of the common law doctrine of contributory negligence.Bhinders v. Sun Company, Inc., 246 Conn. 223, 238 (1998). This principle played no part in the Haynes case. Consequently, there is no conflict to be reconciled in the present case relating to these two principles. CT Page 3891
The apportionment statute is premised upon the theory that there is but one recovery — the amount at which the jury assesses all the plaintiffs compensatory damages. Sec. 52-572h(f). SeeDonner v. Kearse, 234 Conn. 660, 683 (1997) [calculation formula used contemplates assessment of full damages]. The defendant therefore seeks to take advantage of the apportionment statute toreduce his contribution to the plaintiffs damages. In Haynes, the defendant sought to avoid payment of double damages because the plaintiff had already recovered its entire damages from the negligent defendant and her own insurance carrier.[9] In the present case, because of the provisions of the plaintiffs contract of insurance, the plaintiffs carrier would only be responsible for part of the damages — that part for which the hit and run driver was legally responsible. However, where part of the damages attributable to the hit and run driver is deducted from the damage equation, because of apportionment, the plaintiff receives less than her full measure of damages. Only because she purchased insurance to cover this risk, is she able to recover the full measure of her damages — not a penny more. Consequently, the rule against double damages is not implicated in this case because, by definition, full damages equals full damages. SeeDonner v. Kearsley, supra.
Now, if this apportionment statute were to apply in this context, the defendant would get an advantage by discounting his payment to the extent of the hit and run driver's negligence. Although plaintiff would still recover her full measure of damages, that recovery would occur only because of her uninsured policy coverage for which she paid a premium and for which neither the known or unknown defendant contributed anything. This result is an affront to the principle underlying the collateral source rule.
Unlike Haynes, the equities do not weigh in favor of the defendant in this case. Also to be considered is the old equitable maxim: as between two innocent parties where harm occurs through no fault of either party[10], he through whose agency the loss occurred must bear the burden. 2 POMEROY'S EQUITABLE JURISPRUDENCE § 363, 5th ed., 1841; see also, 27A AM.JUR.2d, EQUITY, §§ 138, 139. As between the two parties here — the known tortfeasor who will benefit by a reduction of the plaintiffs damages by any apportionment of the hit and run driver's share and the injured complainant who will collect as damages the hit and run driver's share from her insurance CT Page 3892 company, it is clear that it is more equitable that the defendant should bear the burden of any resulting loss.[11]
Consequently, the answer to the Haynes court's rhetorical question whether the uninsured motorist benefits should be treated as a collateral source in the context of this case must be answered in the affirmative for all of the reasons herein expressed.
Accordingly, this court finds that sec. 52-572h does not apply to the instant case.
MELVILLE, J.